IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICK G. STALLINGS,

    Petitioner,

v.                                                                                              CIV 20-0014 JB/KBM

DWAYNE SANTISTEVAN, et al.,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On October 5, 2021, the Tenth Circuit Court of Appeals entered an Order abating Petitioner's appeal in its Cause No. 21-2115 "to allow the district court an opportunity to consider" two motions by Plaintiff now pending in this Court "attempting to remedy the late notice of appeal. . . ." *Doc. 24.* Presiding District Judge James O. Browning referred this matter to me on October 5, 2021, for a recommendation as to those pending motions. *Doc. 25.*

As way of background, Judge Browning entered Final Judgment denying habeas relief in this case on June 30, 2021. *Doc. 17.* Just two weeks later on July 14, 2021, a letter from the pro se Petitioner to the District's court clerk was filed on the docket. *Doc. 18.* In that letter, Petitioner expresses a desire to appeal the judgment and requests information on how to proceed. *Id.* Petitioner indicates in his two pro se motions now pending before this Court *(Docs. 19 & 20)* that he received no response to the inquiry. In these motions, he further identifies legitimate impediments to his ability to file a timely

appeal, namely the lack of access to the law library due to the COVID pandemic. *See Docs. 19; 20.*

Respondents have notified the Court that they "do not oppose Mr. Stallings's two *Request[s] for an Extension of Time*, [see Docs. 19 and 20], signed on August 20, 2021, and filed on the docket on September 7 and 9, 2021, respectively." *Doc. 27.* Respondents note, as does the Court, that Petitioner did write the letter to the Court within two weeks of the entry of final judgment, giving notice of his intent to appeal within Federal Rule of Appellate Procedure 4(a)'s 30-day deadline. *Id.; see Jackson v. Oklahoma*, 735 F. App'x 504, 507 (10th Cir. 2018) (pursuant to Fed. R. App. P. 4(a)(1)(A), a notice of appeal must be filed within 30 days of the order or judgment from which the party appeals). On October 4, 2021, Petitioner filed a Notice of Appeal and docketing statement with the Tenth Circuit, which the appellate court then sent to this District Court for filing as of that date. *Doc. 21–1* (letter enclosing "misdirected" notice of appeal for proper filing on the district court docket).

"If the notice of appeal is filed after the relevant appeal deadline, it does not remove the district court's jurisdiction to rule on a motion to extend the time to file the notice of appeal." 16A C. Wright & A. Miller, Federal Practice and Procedure § 3949.1, at 53 (4th ed. 2008).  Thus, District Judge Browning retains jurisdiction over this dispute.

I recommend that Judge Browning grant the motions to extend the time within which Petitioner must file a notice of appeal as it appears Petitioner made sufficient efforts thereby satisfying Rule 4's good-cause standard. As Judge Browning has observed,

> [t]he time for taking an appeal should not be extended in the "absence of circumstances that are unique and extraordinary." Gooch v. Skelly Oil Co.,

493 F.2d 366, 370 (10th Cir. 1974) (quotation omitted). The concept of good cause "take[s] account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite." Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630 (1st Cir. 2000). Good cause comes into play "in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5) advisory committee's note (2002 Amendments).

Knight ex rel. P.K. v. Colvin, No. CIV 12-0382 JB/LFG, 2014 WL 59994, at *8 (D.N.M. Jan. 2, 2014) (quoting Bishop v. Corsentino, 371 F.3d 1204, 1207 (10th Cir. 2004) (footnote omitted)). The COVID lockdown leading to Petitioner's lack of access to the facility's law library seems to satisfy the good-cause inquiry.

WHEREFORE,

IT IS HEREBY RECOMMENDED that Petitioner's motions to extend the notice of appeal deadline *(Docs. 19 & 20)* be granted and that the Court extend Petitioner's deadline to file his notice of appeal to October 4, 2021.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

3